UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                          Case No. 18-19175-RAM

CABRERA INVESTMENTS, LLC,                Chapter 11

      Debtor.
_____/

**DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIENS ON REAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**(Modifying Rights of Readycap Lending LLC and Bank of America, N.A.)**

***(Property Address: 6500 Cowpen Rd, Unit 203, Miami Lakes, FL 33014)***

Cabrera Investments, LLC (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 506 and Fed. R. Bankr. P. 3012, requests the Court enter an order valuing and determining the secured status of liens on real property owned by the Debtor, as specified below, and states as follows:

1. On July 30, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. The Debtor is managing its affairs as Debtor in Possession and no trustee or statutory committee has been appointed.

2. The subject of this Motion is the commercial real property located at 6500 Cowpen Road, Unit 203, Miami Lakes, FL 33014 (the "Property"), having a legal description of:

> Unit 203, of COLONNADE AT MIAMI LAKES CONDOMINIUM ASSOCIATION, a Condominium, according to the Declaration of Condominium thereof, as recorded in O.R. Book 22921, Page 3088, of the Public Records of Miami-Dade County, Florida, as amended and/or supplemented by Amendment to Declaration of Condominium and Protective Covenants recorded on March 4, 2005 in O.R. Book 23137, Page 1038.

_____
Rodriguez Law, P.L., 900 West 49 Street, Suite 505, Hialeah, FL 33012

3. The Property is alleged to be encumbered by a first mortgage in favor of Readycap Lending LLC ("Readycap") in the approximate amount of $541,352.84, which was recorded on June 22, 2005 in Book 23499, Page 1749, rerecorded on December 27, 2007 in OR Book 26130, Pages 0264, amended by an Amendment to Mortgage recorded February 25, 2013 in OR Book 4910, Page 4910, and assigned by Assignment of Mortgage on July 16, 2014 in Book 29231, Page 2160 in the Public Records of Miami-Dade County, Florida (the "First Mortgage").

4. The Property is also encumbered by a second mortgage in favor of Bank of America, N.A. formally known as MBNA America (Delaware) N.A. ("BOA") in the approximate amount of $323,101.93, recorded on May 10, 2006, in Book 24511, Page 3022, in the Public Records of Miami-Dade County, Florida (the "Second Mortgage"). *See* Claim # 1.

5. The Debtor seeks to value the Property securing the above-referenced mortgages, pursuant to 11 U.S.C. § 506(d), for the purpose of modifying all of the liens referenced above, with respect to the Property under 11 U.S.C. § 1123(b)(5).

6. The Debtor the value of the Property is $303,000.00 determined by a written appraisal[1]. Therefore, the Debtor seeks an order, in recordable form, valuing the Property at $303,000.00, for purposes of 11 U.S.C. § 506 and for any other purpose(s) to be used at confirmation.

7. Accordingly, as to the Readycap First Mortgage, the value of Readycap's secured interest in the Property is $303,000.00 and the value of Readycapt's unsecured, deficiency claim is $238,352.84.

8. The Debtor therefore requests that Readycap's mortgage be classified as a secured claim to the extent provided above and as a general unsecured claim for any

---

[1] If an evidentiary hearing is ultimately required on this Motion, the Debtor will provide its written appraisal to the parties.

_____
Rodriguez Law, P.L.

deficiency, regardless of the original classification as set forth in the Debtor's schedules and/or any proof of claim that may be filed.

9. As to the BOA Second Mortgage, the value of BOA's secured interest in the Property is $0.00 and the value of BOA's unsecured, deficiency claim is $323,101.93.

10. The Debtor therefore requests that the BOA's Second Mortgage be classified as a wholly unsecured claim for the deficiency set forth above, regardless of the original classification as set forth in the Debtor's schedules and/or any proof of claim that may be timely filed, and that the BOA's Second Mortgage is therefore canceled.

11. The Debtor agrees that the Property may not be sold or refinanced without proper notice and further order of the Court.

WHEREFORE, the Debtor, Cabrera Investments, LLC, respectfully requests the Court enter an order: (1) valuing the Property as set forth herein; (2) determining the secured status of each of the liens referenced above, as set forth above; (3) determining that each lien is classified as stated above; (4) canceling the MTGLQ Investors' Second Mortgage, upon the entry of the Debtor's discharge; and (5) granting such other and further relief as the Court deems just and proper.

Dated: November 9, 2018

Rodriguez Law, P.L.
Attorney for the Debtor
900 West 49 Street, Suite 505
Hialeah, Florida 33012
Telephone: (305) 262-8226
Facsimile: (305) 262-8229

By: __/s/ Ricardo A Rodriguez____
    Ricardo A Rodriguez
    Florida Bar No. 0496901

_____
Rodriguez Law, P.L.