UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                          Case No. 18-19175-BKC-RAM

CABRERA INVESTMENTS, LLC,                  Chapter 11

    Debtor.
_____/

## CHAPTER 11 PLAN OF REORGANIZATION OF CABRERA INVESTMENTS, LLC

**Submitted on November 19, 2019 by:**

ZACH B. SHELOMITH, ESQ.
zbs@lsaslaw.com
Florida Bar No. 0122548
LEIDERMAN SHELOMITH ALEXANDER +
SOMODEVILLA, PLLC
Co-Counsel for the Debtor
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

RICARDO A. RODRIGUEZ, ESQ.
ricardo@rdgzlaw.com
Florida Bar No. 0496901
RODRIGUEZ LAW, P.L.
Co-Counsel for the Debtor
900 W 49 Street, Suite 505
Hialeah, Florida 33012
Telephone: (305) 262-8226

# ARTICLE I
# SUMMARY

This Chapter 11 Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Cabrera Investments, LLC (the "Debtor") from the cash flow of the operations of the Debtor's affiliate, Dr. Ladys Cabrera, P.A. ("DLCPA").

This Plan provides for 4 classes of secured claims, 1 class of general unsecured claims, 1 class of priority unsecured claims and 1 class of equity security holders.  General unsecured creditors holding allowed claims will receive a distribution, which the proponent of this Plan has valued at approximately 10 cents on the dollar.  This Plan also provides for the payment of administrative claims in full on the Effective Date of this Plan, or upon such other terms as agreed to between the Debtor and the administrative claimant(s).

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A Disclosure Statement (the "Disclosure Statement") that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1. | Any and all allowed claims entitled to priority under 11 U.S.C. § 507 (except administrative expense claims under 11 U.S.C. § 507(a)(2) and priority tax claims under 11 U.S.C. § 507(a)(8)) (impaired) |
| 2.02 | Class 2. | The secured claim of the Miami-Dade County Tax Collector (impaired) |
| 2.03 | Class 3. | The secured claim of Readycap Lending, LLC (impaired) |
| 2.04 | Class 4. | The secured claim of Bank of America, N.A. (impaired) |
| 2.05 | Class 5. | The secured claim of The Colonnade at Miami Lakes Condominium Association, Inc. (unimpaired) |
| 2.06 | Class 6. | General Unsecured Claims (impaired) |
| 2.07 | Class 7. | Equity Security Holders of the Debtor (unimpaired) |

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE FEES AND PRIORITY TAX CLAIMS

3.01   <u>Unclassified Claims</u>.  Under 11 U.S.C. § 1123(a)(1), administrative expense claims and priority tax claims (other than 11 U.S.C. § 507(a)(8) claims) are not in classes.

3.02   <u>Administrative Expense Claims</u>.  Each holder of an allowed administrative expense claim allowed under 11 U.S.C. § 503 will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.  <u>The Debtor requests that the Court set an administrative claims bar date of fifteen (15) days after the date of confirmation of this Plan, unless an earlier date has been set by the Court</u>.

3.03   <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid either in full on the Effective Date of this Plan, or over a term of sixty (60) months, as further set forth below.

3.04   <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), through the date of confirmation of this Plan, within fourteen (14) business days of entry of Order confirming this Plan.  The Reorganized Debtor will file with the Bankruptcy Court post-confirmation Quarterly Operating Reports and pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Unsecured Priority Claims | Impaired | No priority claims have been scheduled by the Debtor and the Debtor does not believe that any priority claims exist, other than the secured priority tax claim of the Miami-Dade County Tax Collector (Class 2).  However, in the event that it is determined by the Court that any unsecured priority claims do exist, then each holder of a Class 1 Priority Claim will be paid in full, over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter thereafter. |

| | | |
|---|---|---|
| Class 2 – Secured Real Estate Tax Obligation of the Miami-Dade County Tax Collector (Claim # 2)<br><br>**Total claim amount: $6,515.40 (secured = $6,515.40; unsecured = $0.00)** | Impaired | Class 2, the Secured Real Estate Tax Obligation of the Miami-Dade County Tax Collector, is impaired by this Plan. This claim is comprised of 2018 and 2019 real estate taxes for the real property located at 6500 Cow Pen Rd # 203, Hialeah, FL 33014 (Folio # 32-2013-053-0070) (the "Real Property") and is secured by the Real Property. If not otherwise paid in full as of the Effective Date by other lienholder(s), the Claimant will be paid in full, plus statutory interest, over 60 months from the Effective Date, in 20 equal quarterly payments aggregating $496.35 each, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter thereafter. Furthermore, the Debtor agrees to remain current with any and all real estate taxes owing to the Claimant after the Effective Date. The Claimant will retain its lien on the Real Property until all payments are made. The Debtor may pre-pay this claim with no penalty, and may seek a payoff amount from the Claimant at any time. |
| Class 3 – Secured Claim of Readycap Lending, LLC (first mortgage on Real Property) (Claim # 3)<br><br>**Total claim amount: $547,503.06 (secured = $311,500.00; unsecured = $236,003.06)** | Impaired | Class 3, the Secured Claim of Readycap Lending, LLC ("Readycap Lending") (first mortgage on Real Property), is impaired by this Plan. This claim is secured by the Debtor's Real Property, described above. Pursuant to Court order [ECF No. 29], value of the Real Property is $311,500.00. As such, pursuant to this Plan, Readycap Lending's claim shall be reclassified as an allowed secured claim in the amount of $311,500.00, and as an allowed unsecured claim for $236,003.06.<br><br>The secured claim will be paid at the prime rate (fixed as of the date of the Confirmation Order) over 10 years (120 months), which will be amortized over 30 years, beginning on the first day of the month following the Effective Date of this Plan, and continuing on the first day of every month thereafter. A balloon payment, for all remaining principal indebtedness (based on a secured claim amount of $311,500.00, after application of any and all principal payments) shall be due thirty (30) days after the conclusion of the 120 payments referenced herein.<br><br>Taxes and insurance shall not be escrowed and shall remain the responsibility of the Debtor. Any taxes and insurance that have been advanced by Readycap Lending prior to the date of the Confirmation Order shall be subsumed within the secured claim (in the amount of $311,500.00). Any taxes and insurance that may be advanced by Readycap Lending after the date of the Confirmation Order (after the Debtor's failure to pay same directly), shall be the responsibility of the Debtor. Readycap Lending agrees not to advance any amounts for real estate taxes unless and until the Debtor fails to pay for such real estate taxes by March 31st of the following year. However, should Readycap Lending advance any such amounts for real estate taxes, the Debtor will be responsible for reimbursing Readycap Lending for same, pursuant to the term(s) of the existing loan document(s).<br><br>Upon Confirmation, Readycap Lending shall send the Debtor monthly statements, indicating the correct amount of its |

| | | |
|---|---|---|
| | | secured claim. Payments shall be made to the address listed on Readycap Lending's Proof of Claim, or such other address provided by Readycap Lending to the Debtor. |
| | | The allowed undersecured claim, in the amount of $236,003.06, will be paid in accordance with Class 6 unsecured creditors below. |
| Class 4 – Secured Claim of Bank of America, N.A. (second mortgage on Real Property) (Claim # 1)<br>**Total claim amount: $323,101.93 (secured = $0.00; unsecured = $323,101.93)** | Impaired | Class 4, the Secured Claim of Bank of America, N.A. ("Bank of America") (second mortgage on Real Property), is impaired by this Plan. This claim is secured by the Real Property, described above. Pursuant to Court order [ECF No. 29], value of the Real Property is $311,500.00. As such, pursuant to this Plan, Bank of America's claim shall be reclassified as an allowed secured claim in the amount of $0.00, and as an allowed unsecured claim for $323,101.93. |
| | | Accordingly, Bank of America's second mortgage against the Real Property, recorded on May 10, 2006 at Book 24511, Page 3022, in the Public Records of Miami-Dade County, Florida, shall be deemed void and shall be extinguished upon entry of the Debtor's discharge. |
| | | Bank of America's wholly unsecured claim, in the amount of $323,101.93, will be paid in accordance with Class 6 unsecured creditors below. |
| Class 5 – Secured Claim of The Colonnade at Miami Lakes Condominium Association, Inc. (condominium association for the Real Property)<br>**Total claim amount: $0.00 (secured = $0.00; unsecured = $0.00)** | Unimpaired | Class 5, the Secured Claim of The Colonnade at Miami Lakes Condominium Association, Inc. (condominium association for the Real Property) (the "Association"), is unimpaired by this Plan. This claim is secured by the Real Property, described above. |
| | | The Debtor is current in any and all payments owing to the Association. To the extent that any amounts are outstanding as of the Effective Date, such amounts will be paid in full, in one lump sum, on the Effective Date. The Debtor shall remain current in any and all obligations owing to the Association after the Effective Date, and the Association shall be entitled to take any and all actions under applicable law should the Association fail to remain current after the Effective Date. |
| Class 6 – General Unsecured Claims<br>**Total amount of claims in Class 6: $559,104.99**<br><br>**(Distribution Amount = 10%)** | Impaired | Class 6 consists of all allowed general unsecured claims, including undersecured claims. The Class 6 Creditors total $559,104.99, as set forth in the attached Exhibit "A". Such creditors shall receive a distribution of 10% of the amount of their claims, paid over 60 months from the Effective Date of this Plan. |
| | | Payments shall be made in 20 equal quarterly payments aggregating $2,795.53 each, with no interest, which will begin on the first day of the month following the Effective Date of this Plan, and continue on the first day of every quarter thereafter. The specific creditors to be paid under this Plan (as well as the amount to be distributed) are set forth in the attached Exhibit "A". |
| Class 7 - Equity Security Holders of the | Unimpaired | Class 7 consists of all allowed equity interests in the Debtor, which includes shares in the Debtor, belonging 100% to |

| Debtor | | Ladys Cabrera.  Ladys Cabrera shall retain her 100% stock interest in the Debtor and shall have the same interest in the Reorganized Debtor. |
| --- | --- | --- |
| | | Ladys Cabrera shall, in exchange, provide the following new value: (a) her company, DLCPA, shall make any and all payments under this Plan to all creditors set forth herein, notwithstanding the fact that such payment(s) may equal amounts above market rent for the Real Property; and (b) other good and valuable consideration.  Other than receiving the same Equity Interest in the Reorganized Debtor, the Equity Security Holder of the Debtor shall not be entitled to receive any distribution under this Plan on account of such Equity Interest. |

4.02    Default of Plan Payment(s).  Unless otherwise specifically set forth above, in the event of any default by the Debtor of any payment required by ¶ 4.01 above, the Claimant shall provide the Debtor with notice of such default, by electronic mail to the Debtor's counsel, Zach B. Shelomith, Esq. (at zbs@lsaslaw.com) and Ricardo A. Rodriguez, Esq. (at ricardo@rdgzlaw.com) (the "Default Notice").  The Debtor shall be afforded ten (10) days from the date of receipt by the Debtor's counsel of such Default Notice to cure such default.  The Claimant shall not take any further action(s) against the Debtor, including without limitation, proceeding against the Debtor in a court of competent jurisdiction, seeking *in rem* remedies against any of the Real Property described above or alleging a "material" default of this Plan by the Debtor, unless the cure period referenced herein has expired.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Fed. R. Bankr. P. 9019.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumption of Executory Contracts and Unexpired Leases.  The Debtor does not have any executory contracts and/or unexpired leases, and as a result, no such contracts and/or leases shall be assumed as of the Effective Date of this Plan.

6.02    Rejection of Executory Contracts and Unexpired Leases.  To the extent that any executory contracts and/or unexpired leases do exist, such executory contracts and/or unexpired leases shall be deemed rejected upon the Effective Date of this Plan.  A proof of

---
Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan will be funded solely from the cash flow of the operations of the Debtor's affiliate, DLCPA. The Debtor shall, and believes it can, generate sufficient income to the amount necessary to enable it to make all payments due under the Plan.

The Debtor, as reorganized, will retain and will be re-vested in all property of the Estate, excepting property which is to be sold or otherwise disposed of as provided herein, executory contracts which are rejected pursuant to this Plan and property transferred to Creditors of the Debtor pursuant to the expressed terms hereof. The retained property shall be used by the Debtor in the ordinary course of its business. (Further details concerning the nature and scope of the Debtor's financial affairs may be found in the Disclosure Statement which accompanies this Plan).

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

(a) *Allowed Secured Claim* - shall mean an Allowed Claim for which a Claimant asserts, or upon objection is determined by a Final Order to hold, a valid, perfected and enforceable lien, security interest or other interest or encumbrance in property in which the Debtor has an interest not subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law, or an Allowed Claim for which a Claimant asserts a setoff under 11 U.S.C. § 553, but in any event only to the extent of the value, determined in accordance with 11 U.S.C. § 506(a), of the Claimant's interest in the Debtor's interest in the property or to the extent of the amount subject to such setoff as the case may be.

(b) *Allowed Undersecured Claim* - shall mean the amount of a prepetition secured Claim that exceeds the value of the collateral securing that Claim and is therefore unsecured.

(c) *Allowed Unsecured Claim* - shall mean an Allowed Claim which arose or which is deemed to have arisen prior to the filing of the Petition commencing these Proceedings and as to which the Claimant has not asserted, or as to whom it is determined by Final Order does not hold, a valid, perfected and enforceable lien, security interest or other interest in or encumbrance against property of the Debtor or a right of setoff to secure the payment of such Claim, but excluding unsecured Claims previously paid in the Proceedings pursuant to agreements approved by the Bankruptcy Court, if any.

<u>Amount of Allowed Unsecured Claims</u>. The Debtor's scheduled claims are set forth in its schedules [ECF No. 1]. Attached hereto as Exhibit "A" is a list of all general unsecured claims to be paid under this Plan, including the proposed distribution. The

aggregate amount of claims included in Class 6, which will receive payment, is $559,104.99.

Holders of allowed general unsecured claims will receive a distribution of 10%.

<u>Liquidation analysis</u>.  This estimated distribution in a hypothetical Chapter 7 was determined by analyzing the liquidation value of the Debtor's property.  The Debtor's real property is undersecured and has no equity.  After deducting estimated Chapter 11 administrative expenses, as well as anticipated Chapter 7 administrative expenses, it was calculated that unsecured creditors would receive a distribution of $0.00.  A more detailed liquidation analysis is set forth in the Disclosure Statement that accompanies this Plan.

Accordingly, creditors are receiving more by virtue of this Plan, then they would if the Debtor's case was a Chapter 7 proceeding.

(d)	*Causes of Action* - shall be used in its broadest sense and shall include all causes of action of the Debtor and all causes of action which a Trustee would have if the proceedings were converted on the confirmation date to a proceeding under Chapter 7 of the Code and a Trustee were appointed. Causes of action shall include all rights or causes of action, whether legal or equitable, whether they arise under the Code or under other federal or state laws or under judicial decisions, whether or not they are the subject of presently pending litigation and whether they arise before or after the confirmation date, as well as rights belonging to the Debtor pursuant to 11 U.S.C. §§ 506, 510, 544, 545, 547, 548, 549 or 550.

(e)	*Claim* - shall mean any right to payment against the Debtor or right to an equitable remedy against the Debtor for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to an equitable remedy is reduced to judgment, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured.

(f)	*Petition Date* – shall mean July 30, 2018.

8.02	<u>Effective Date of Plan</u>. The Effective Date of this Plan is the fifteenth (15th) calendar day following the date of the entry of the order of confirmation.  However, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03	<u>Severability</u>.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04	<u>Binding Effect</u>.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05	<u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

On the confirmation date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Dated: November 19, 2019

Respectfully submitted,

By: /s/ Ladys Cabrera
Ladys Cabrera, as Manager
of Cabrera Investments, LLC
(the Plan Proponent)

LEIDERMAN SHELOMITH ALEXANDER +
SOMODEVILLA, PLLC
Co-Counsel for the Debtor
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By: /s/
ZACH B. SHELOMITH
Florida Bar No. 0122548
zbs@lsaslaw.com

**Cabrera Investments, LLC - List of General Unsecured Creditors to be Paid Pursuant to Plan**

**Unsecured Claims:**

| Class | Claim # | Name of Creditor | Amount of Claim | Proposed Distribution | Quarterly Payments | Comments |
|---|---|---|---|---|---|---|
| 6 | 3 | Readycap Lending, LLC | $236,003.06 | $23,600.31 | $1,180.02 | (Partially Secured; total amount of claim: $547,503.06) |
| 6 | 1 | Bank of America, N.A. | $323,101.93 | $32,310.19 | $1,615.51 | (Wholly Unsecured Claim) |
|  |  | **Total Unsecured Claims** | **$559,104.99** | **$55,910.50** | **$2,795.53** |  |
|  |  | **Distribution Percentage** |  | 10% |  |  |

**Secured Claims:**

| Class | Claim # | Name of Creditor | Amount of Claim | Proposed Disposition |
|---|---|---|---|---|
| 3 | 3 | Readycap Lending, LLC | $311,500.00 | Secured creditor treated in Class 3 |
| 2 | 2 | Miami-Dade County Tax Collector | $6,515.40 | Secured creditor treated in Class 2 (2018 and 2019 Real Estate Taxes) |
| 4 | 1 | Bank of America, N.A. | $323,101.93 | Secured creditor treated in Class 4 |
| 5 | SCH | The Colonnade at Miami Lakes Condominium Assn, Inc. | $0.00 | Secured creditor treated in Class 5 |

Exhibit "A"