**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(***Miami Division***)**
www.flsb.uscourts.gov

IN RE:                                                                          CASE NO. 18-19175-RAM
                                                                                         Chapter 11
    CABRERA INVESTMENTS, LLC,

       Debtor(s).
_____/

**BANK OF AMERICA N.A.'S OBJECTION TO DEBTOR'S**
**DISCLOSURE STATEMENT IN SUPPORT OF**
**<u>CHAPTER 11 PLAN OF REORGANIZATION [ECF 48]</u>**

Creditor, BANK OF AMERICA N.A. ("BANK OF AMERICA") by and through undersigned counsel, pursuant to 11 U.S.C. §§ 1125, 1126 and 1129 and Bankruptcy Rule 3016 and 3017 (and all other applicable bankruptcy rules and code provisions), hereby objects to approval of the Debtor's, Cabrera Investments, LLC (the "Debtor") Disclosure Statement in Support of Chapter 11 Plan of Reorganization (the "Disclosure Statement") [ECF 48] as the Disclosure Statement fails to provide sufficient information to enable creditors and a hypothetical investor to make an informed judgment about the proposed Plan and therefore approval should be denied.   In support of this objection ("Objection"), BANK OF AMERICA states as follows:

    **I.**    **BACKGROUND AND PROCEDURAL HISTORY**

    1.    On February 10, 2005, LADYS CABRERA, D.M.D. executed and delivered to SKY BANK (predecessor-in-interest to MBNA AMERICA (DELAWARE), N.A.) a Project Finance Agreement in which LADYS CABRERA, D.M.D. was granted a loan or line of credit in the maximum total principal amount of Three Hundred Thousand and 00/100 Dollars ($300,000.00) (the "Line of Credit");

    2.    On April 27, 2006, DR. LADYS CABRERA, P.A. ("DLCPA") executed and delivered to MBNA AMERICA (DELAWARE), N.A. (predecessor-by-merger to BANK OF

CASE NO. 18-19175-RAM
Chapter 11

AMERICA) that certain Project Finance Agreement, dated February 10, 2005, which was subsequently affirmed and amended by that certain Change Notification and Acknowledgement dated May 31, 2006 and renewed and in the original principal amount of Three Hundred Fifty-Two Thousand Seven Hundred Eighty-Three and 85/100 Dollars ($352,783.85) (the "Loan"). The Loan renewed and increased the obligations under the Line of Credit.

3. The Loan is secured by, among other things, an interest in the Real Property located at 6500 Cowpen Road, Unit 203, Miami Lakes, Florida 33014 (the "Real Property"), as evidenced by that certain Mortgage Deed executed by CABRERA INVESTMENTS, LLC on March 23, 2006 and recorded in the public records of Miami-Dade County, Florida on May 10, 2006 at Official Records Book 24511, Page 3022 (the "Mortgage").

4. The Loan is further secured by, among other things, personal property, including all business assets (the "Collateral") of Borrower, located in or around Miami-Dade County, Florida.

5. The Loan is also absolutely and unconditionally guaranteed by LADYS CABRERA, D.M.D. and CABRERA INVESTMENTS, LLC, jointly and separately.

6. Borrowers further executed and delivered to Bank an Installment Note, effective as of October 30, 2012, which was a renewal of the obligations of the Loan and comprised and reduced the indebtedness due thereunder to Three Hundred Seven Thousand, Nine Hundred Forty-Six and 57/100 Dollars (the "Installment Note").   Under the Installment Note, the Debtor, Cabrera Investments, LLC is also a borrower of the indebtedness.

7. On or about June 28, 2016, Borrowers executed and delivered a Loan Modification Agreement that modified the terms of the Line of Credit, the Loan, and the Installment Note.

CASE NO. 18-19175-RAM<br>Chapter 11

8.  On March 14, 2017, the Borrowers, including the Debtor, executed and delivered to BANK OF AMERICA a Loan Reinstatement Agreement. A true and correct copy of the Loan Agreement is attached to BANK OF AMERICA's POC as Composite Exhibit "A" and incorporated herein by reference. The Loan is secured by a Mortgage on Real Property located at 6500 Cowpen Rd., Unit 203, Miami Lakes, FL 33014.

9.  On July 30, 2018, the Debtor filed for Chapter 11 Bankruptcy relief (the "Petition Date") [ECF 1].

10. As of the Petition Date, BANK OF AMERICA was owed $323,101.93. *See* Claims Register No. 1-3 filed on November 27, 2018.

11. On January 17, 2019, the Court entered its Agreed Order Granting, in Part, Debtor's Motion to Value and Determine Secured Status of Liens on Real Property (the "Order") [ECF 29] pursuant to which the Real Property was valued at $311,500.00.

12. Upon information and belief, ReadyCap Lending, LLC ("ReadyCap") has a lien on the Real Property in the amount of $547,503.06 [see POC 3-1 filed on November 26, 2018].

13. On November 19, 2019, the Debtor filed its Disclosure Statement [ECF 48] and Plan [ECF 47].

14. The Debtor is a single asset entity which leases space to DLCPA. See ECF 48. Upon information and belief, DLCPA does not have a current lease with the Debtor.

15. Pursuant to the Disclosure Statement, Through the years, DLCPA has paid for all of the operating expenses of the Debtor relating to the Real Property. However, in recent years, DLCPA has been unable to sustain the debt service relating to the Real Property. Specifically, two foreclosure actions were commenced against the Debtor, by ReadyCap, which according to the

CASE NO. 18-19175-RAM  
Chapter 11

Debtor has a first mortgage against the Real Property, and by BANK OF AMERICA. See ECF 48.

16. In the Disclosure Statement and Plan, the Debtor identifies BANK OF AMERICA under Class 4- Impaired with a claim in the total amount of $323,101.93 of which zero is secured and $323,101.93 is unsecured. See ECFs 47 and 48. Bank of America's wholly unsecured claim, in the amount of $323,101.93, will be paid in accordance with Class 6 unsecured creditors. *Id*.

17. Pursuant to the Disclosure Statement and Plan, Class 6 unsecured creditors will a distribution in the amount of ten percent (10%) of their claims. See ECFs 47 and 48.

18. ReadyCap and BANK OF AMERICA are the only 2 unsecured creditors identified in the Plan and Disclosure Statement with total unsecured claim amounts in the amount of $559,104.99. See Exhibit "A" to ECF 48.

19. The Debtor identifies Colonnade at Miami lakes Condominium Assn., Inc., as a secured creditor under class 5, the Debtor indicates the claim is valued at $0.00 and advises that the basis of the claim is the condominium association fees with respect to the Real Property. See ECF 47 at P. 5. The Debtor states that it is current on all payments and shall remain current in any and all obligations owing to the association after the effect date. *Id*.

20. Class 7- Equity Security Holders of the Debtor identifies Ladys Cabrera as the 100% shareholder of the Debtor which shall be retained by Ms. Cabrera upon reorganization. See ECF 47 and 48, treatment of Class 7. Pursuant to Class 7, "Ladys Cabrera shall, in exchange, provide the following new value: (a) her company, DLCPA, shall make any and all payments under this Plan to all creditors set forth herein, notwithstanding the fact that such payment(s) may equal amounts above market rent for the Real Property; and (b) other good and valuable consideration. Other than receiving the same Equity Interest in the Reorganized Debtor, the Equity

Security Holder of the Debtor shall not be entitled to receive any distribution under this Plan on account of such Equity Interest." *Id*.

21.    The Monthly Operating report for September 2019, attached to the Disclosure Statement as Exhibit "C", reflects the Debtor's monthly income of $2,155.00. See ECF 48 at P. 36. Likewise, Exhibit "C" to the Disclosure Statement reflects monthly expenses of $2,174.40. Id., at P. 39. The ending balance in the Debtor's operating account on September 30, 2019, was $365.64. *Id*.

22.    The most recent Monthly operating report filed by the Debtor is the September 2019, report attached as Exhibit "C" to the Disclosure Statement. See also ECF 46 and docket generally.

23.    The Debtor's Cash Flow Projection, Business Projection for Dr Lady's Cabrera, P.A. and Accountant's Assumptions, attached to the Disclosure Statement as Exhibit "D", reflects the Debtor's income resource as "cash flor from Dr. Ladys Cabrera PA" in the amount of $3,240.98 per month. See ECF 48 at P. 57. It inexplicably assumes that the Debtor will have a cash beginning balance of $5,000.00. See ECF 48 at P. 57. Exhibit "D" does not reflect any payments to Class 5 creditor. *Id*.

24.    Also as part of Exhibit "D" to the Disclosure Statement, Debtor attaches DLCPA's Business Projection for Five Years from Confirmation. ECF 48 at P. 62. The Business Projection from DLCPA reflects a total of $43,000.00 for yearly rent of the Real Property. Accordingly, it seems from the Business Projection that $3,583.33 is the monthly payment amount to be made by DLCPA to the Debtor. Accordingly, there appears to be a contradiction in the rent payment amounts reflected by the Debtor's Cash Flow Projection (i/a/o $3,240.98) and DLCPA's Business

CASE NO. 18-19175-RAM<br>**Chapter 11**

Projection ($3,583.33).

25. DLCPA's Business Projection does not reflect a payment to the association (class 5 creditor).

26. Upon information and belief, DLCPA does not have a formal lease with the Debtor.

27. On January 8, 2020, ReadyCap filed its Objection to Confirmation [ECF 53]. In ReadyCap's Objection, ReadyCap "objects to the absence of disclosure and data related to the finances of [DLCPA] itself, as an operating entity separate from the Debtor. The monthly operating reports and budgets attached to the Disclosure Statement reflect only that Debtor collects a monthly income of $2,155 from the [DLCPA]. The Debtor is not currently subject to any executory lease for the Property, and none has been assumed by Debtor under the bankruptcy." See ECF 53 at P. 2-3.

**I. DISCLOSURE STATEMENT CONTAINS INCOMPLETE AND/OR CONTRADICTING INFORMATION AND SHOULD NOT BE APPROVED PURSUANT TO 11 U.S.C. § 1125.**

To confirm a plan, the Debtor must obtain approval from the bankruptcy court of a Disclosure Statement that contains "adequate information". *See* 11 U.S.C. §1125(b). The bankruptcy court should not approve the Disclosure Statement because (a) it lacks the statutorily required "adequate information", and (b) it contains incomplete and/or contradictory information regarding the Debtor's and DLCPA's projected income and expenses as provided above.

The Disclosure Statement does not adequately inform creditors, and other potentially interested parties, as to the Debtor's actual income and payment of the claims as provided in the Plan. The above referenced deficiencies make the Debtor's Disclosure Statement [ECF 47] inadequate for approval under 11 U.S.C. § 1125.

CASE NO. 18-19175-RAM<br>Chapter 11

11 U.S.C. §1125 provides, among other things, as follows:

> (a) In this section
> (1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records…that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need to include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity to creditors and other parties in interest, and the cost of providing additional information;

*See* 11 U.S.C. §1125.

The relevant case law under §1125 of the Bankruptcy Code has produced a list of factors, the disclosure of which may be mandatory, under the facts and circumstances of a particular case, to meet the statutory requirement of adequate information. *See In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984). These factors provide a useful starting point for the Court's analysis of the adequacy of the disclosure statement and include the following:

> the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectibility of accounts receivable; (14) **financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan**; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*See Metrocraft Pub. Services*, 39 B.R. at 568 (Bankr. N.D. Ga. 1984) (*emphasis added*).

CASE NO. 18-19175-RAM
Chapter 11

Section 1125(a)(1) defines "adequate information" as information "of a kind, and in sufficient detail… [to enable] a hypothetical investor typical of holders of claims or interests…of the relevant class to make an informed judgment about the plan[.]" 11 U.S.C. § 1125(a)(1). The Plan Proponents bear the burden of demonstrating that the disclosure statement contains such "adequate information." *In re Michelson*, 141 B.R. 715, 719-20 (Bankr. E.D. Cal. 1992).

The Bankruptcy Code requires "adequate information" because the disclosure statement serves as the primary source of information upon which creditors and interest parties must make an informed judgment about a plan. *See, e.g., In re Jeppson*, 66 B.R. 269, 291 (Bankr. D. Utah 1986); *In re Rook Broad. of Idaho, Inc.,* 154 B.R. 970, 976 (Bankr. D. Idaho 1993); *In re Monnier Bros.*, 755 F.2d 1336 (8th Cir. 1985). *In re Unichem Corp.,* 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Mere statements of opinion or belief, without accompanying factual support, are inadequate to support a disclosure statement. See *In re Beltrami Enters.*, 191 B.R. 303, 304 (Bankr. M.D. Pa. 1995) ("[c]onclusory allegations or opinions without supporting facts are generally not acceptable") (citations omitted); *In re Ferretti*, 128 B.R. 16, 21 (Bankr. D.N.H. 1991) (debtor's statement that plan was feasible, merely based on experience, without projections of income and expenses, was inadequate).

The Disclosure Statement fails to provide the information needed to meet the requirements of 11 U.S.C. § 1125. Here, the Disclosure Statement is lacking where the Debtor has not provided the correct information regarding its projected income. Moreover, the information provided contradicts each other and is inconsistent. While the Debtor's Plan indicates that it will pay at least 3 classes of creditors, its cash flow projection reflects that the Debtor cannot service the debt to its

CASE NO. 18-19175-RAM
**Chapter 11**

secured creditors and make the intended payments to unsecured creditors. Moreover, a review of the business projection for DLCPA, attached as part of Exhibit "D", contradicts the Debtor's cash flow projection. Additionally, the Debtor's cash flow is not supported by the Debtor's most recent monthly operating report. Accordingly, the Disclosure Statement fails to provide the "adequate information" required by Section 1125 of the Bankruptcy Code where it fails to provide the required information needed for a creditor to make an informed decision on the Plan. Under these circumstances, the Disclosure Statement does not meet the requirements for approval under 11 U.S.C. § 1125 and approval should be denied.

WHEREFORE, BANK OF AMERICA, N.A., respectfully objects to the Debtor's proposed Disclosure Statement and requests that the Court deny approval of same and order such other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

/s/ Laudy Luna
Laudy Luna (FBN 044554)
Email: ll@lgplaw.com
**Bankruptcy and Litigation Counsel**
**Liebler, Gonzalez & Portuondo**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Objection* to Debtor's Disclosure Statement was filed via CM/ECF and served via Notice of Electronic filing to all parties registered to receive electronic filings this 16th day of January, 2020.

/s/ Laudy Luna
LAUDY LUNA