UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                    Case No. 18-19175-BKC-RAM

CABRERA INVESTMENTS, LLC,                Chapter 11

     Debtor.
_____/

**CERTIFICATE OF PROPONENT OF PLAN ON ACCEPTANCE OF PLAN,
REPORT ON AMOUNT TO BE DEPOSITED, CERTIFICATE OF
AMOUNT DEPOSITED AND PAYMENT OF FEES**

The undersigned attorney for the Debtor certifies the following:

1.    I have examined the Court file in this proceeding, particularly as to claims, schedules and ballots filed.

2.    According to CM/ECF, as of April 3, 2020, a total of 1 ballot relating to the Debtor's First Amended Plan of Reorganization (the "Plan") [ECF No. 58] was filed on or before the deadline date of April 2, 2020, set by court order dated February 25, 2020 [ECF No. 61]. Exhibit A is a summary of ballots submitted by class. Exhibit B is a list of all ballots filed. Classes 5 and 7 are unimpaired and a ballot was not required.

3.    Exhibit C lists each creditor to be paid pursuant to the Plan. Exhibit D lists disputed, contingent or unliquidated claims included in Exhibit C. A summary of the amount of money to be deposited for confirmation pursuant to the Plan is described below. The total amount needed for confirmation is $32,960.32, which includes any and all administrative expenses, as set forth in the Debtor's Notice of Filing Final Fee Applications of Estate Professionals and of Hearing(s) on Same [ECF No. 72].

4.    The Debtor's co-counsel, Rodriguez Law, P.L., is holding a retainer in the amount of $35,000.00, which is sufficient to pay the amounts referenced above.

5.    Any and all other payments to be made under the Plan begin on the first day of the month following the Effective Date of the Plan, which is anticipated to be June 1, 2020.

6.    Upon information and belief, all fees required by 28 U.S.C. §1930 have been paid or will be paid by the Effective Date of the Plan.

Dated: April 3, 2020

LEIDERMAN SHELOMITH ALEXANDER
+ SOMODEVILLA, PLLC
Attorneys for the Debtor
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zbs@lsaslaw.com

**EXHIBIT A - SUMMARY OF BALLOTS \***

**CLASS: 1**[1]

    Total Acceptances in Dollar Amount: $0.00      % of total = 0%
    Total Rejections in Dollar Amount: $0.00      % of total = 0%
    Total # of Acceptances Filed: 0      % of total = 0%
    Total # of Rejections Filed: 0      % of total = 0%

**CLASS: 2**

    Total Acceptances in Dollar Amount: $0.00      % of total = 0%
    Total Rejections in Dollar Amount: $0.00      % of total = 0%
    Total # of Acceptances Filed: 0      % of total = 0%
    Total # of Rejections Filed: 0      % of total = 0%

**CLASS: 3**[2]

    Total Acceptances in Dollar Amount: $0.00      % of total = 0%
    Total Rejections in Dollar Amount: $0.00      % of total = 0%
    Total # of Acceptances Filed: 0      % of total = 0%
    Total # of Rejections Filed: 0      % of total = 0%

**CLASS: 4**

    Total Acceptances in Dollar Amount: $323,101.93      % of total = 100%
    Total Rejections in Dollar Amount: $0.00      % of total = 0%
    Total # of Acceptances Filed: 1      % of total = 100%
    Total # of Rejections Filed: 0      % of total = 0%

**CLASS: 6**

    Total Acceptances in Dollar Amount: $323,101.93      % of total = 100%
    Total Rejections in Dollar Amount: $0.00      % of total = 0%
    Total # of Acceptances Filed: 1      % of total = 100%
    Total # of Rejections Filed: 0      % of total = 0%

**Notes:**

**\* Classes 5 and 7 are unimpaired and a ballot was not required.**

---

[1] As to any class(es) of creditor(s) that did not vote to accept or reject the Plan, it is the Debtor's position that the failure to file a ballot accepting or rejecting the Plan should be deemed as an acceptance of the Plan, for purposes of 11 U.S.C. § 1129(a)(8). *See In re Campbell*, 89 B.R. 187 (Bankr. N.D. Fla. 1988) (holding that impaired classes that failed to vote and did not object to confirmation of the plan are deemed to have accepted the plan for purposes of 11 U.S.C. § 1129(a)(8)); *see also In re Ruti-Sweetwater, Inc.*, 836 F. 2d 1263 (10th Cir. 1988) (holding that non-voting, non-objecting creditor was deemed to have accepted plan of reorganization, so as to enable Court to confirm plan without showing that plan did not discriminate unfairly or that plan was fair and equitable).

[2] On April 1, 2020, Readycap Lending, LLC, the sole claimant in Class 3, filed a Status Report, indicating that it anticipates that it will vote to accept the Plan and that due to COVID-19 pandemic and related work closures, it does not yet have the corporate approval it requires to approve its vote and submit its ballot.

LF-34 (rev. 12/01/09)

**EXHIBIT B - LIST OF ALL BALLOTS FILED**

| BALLOT # | CLASS | NAME OF CREDITOR | AMOUNT SCHEDULED OR CLAIMED | DATE BALLOT FILED WITH COURT | ACCEPTS | REJECTS | SHOULD BE ALLOWED TO VOTE IF NOT, WHY? |
|---|---|---|---|---|---|---|---|
| 1 | 4 and 6 | Bank of America, N.A. | $323,101.93 | 3/20/2020 | X |  | Yes |

Total # of Acceptances Filed = 1            100% of total

Total # of Rejections Filed = 0             0% of total

LF-34 (rev. 12/01/09)

**EXHIBIT C - LIST OF CREDITORS TO BE PAID PURSUANT TO THE PLAN (see list on following page)**

The following is a list of creditors as provided for by the Plan under consideration. These creditors are indicated by class and amount as scheduled or claimed. The dividend to be paid pursuant to the Plan is indicated. (Indicate claim number as reflected in the claims register). Total each individual class.

LF-34 (rev. 12/01/09)

**Cabrera Investments, LLC - List of General Unsecured Creditors to be Paid Pursuant to Plan**

**Unsecured Claims:**

| Class | Claim # | Name of Creditor | Amount of Claim | Proposed Distribution | Quarterly Payments | Comments |
|---|---|---|---|---|---|---|
| 6 | 3 | Readycap Lending, LLC | $236,003.06 | $23,600.31 | $1,180.02 | (Partially Secured; total amount of claim: $547,503.06) |
| 6 | 1 | Bank of America, N.A. | $323,101.93 | $32,310.19 | $1,615.51 | (Wholly Unsecured Claim) |
|   |   | **Total Unsecured Claims** | **$559,104.99** | **$55,910.50** | **$2,795.53** |   |
|   |   | Distribution Percentage |   | 10% |   |   |

**Secured Claims:**

| Class | Claim # | Name of Creditor | Amount of Claim | Proposed Disposition |
|---|---|---|---|---|
| 3 | 3 | Readycap Lending, LLC | $311,500.00 | Secured creditor treated in Class 3 |
| 2 | 2 | Miami-Dade County Tax Collector | $6,515.40 | Secured creditor treated in Class 2 (2018 and 2019 Real Estate Taxes) |
| 4 | 1 | Bank of America, N.A. | $323,101.93 | Secured creditor treated in Class 4 |
| 5 | SCH | The Colonnade at Miami Lakes Condominium Assn, Inc. | $0.00 | Secured creditor treated in Class 5 |

**EXHIBIT D - LIST OF DISPUTED, CONTINGENT OR UNLIQUIDATED CLAIMS**

The following is a list of disputed, contingent or unliquidated claims which are also included in Exhibit C: None.

Note: If a claim was filed and is still in dispute, indicate claim number as is reflected in the claims register and give status of dispute (e.g. objection pending, etc.). Until there is an order on an objection, you must have enough money in the trust account to cover these creditors. If a person was listed in the schedules as disputed and they did not file a claim by the deadline date to file claims, you need not list them below or have money in your trust account to cover them. They are automatically taken off the case as creditors.

**Note: Any disputed, contingent or unliquidated scheduled creditors (or scheduled creditors with a claim of "$0.00" or "unknown") that did not file a claim by the deadline date to file claims were not listed in Exhibit C and were taken off the case as creditors, as stated above, and pursuant to Fed. R. Bankr. P. 3003(c)(2).**